## YELLOW CAB CO. OF D. C., Inc. v. DRESLIN.

### No. 10329.

United States Court of Appeals District of Columbia Circuit.

Submitted Feb. 9, 1950.

Decided April 10, 1950.

Mr. Alfred M. Schwartz, Washington, D. C., with whom Mr. Samuel A. Friedman, Washington, D. C., was on the brief, submitted for appellant.

Mr. Harry L. Ryan, Jr., Washington, D. C., with whom Mr. Joseph D. Di Leo, Washington, D. C., was on the brief, submitted for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

The question here concerns contribution between tort-feasors where the judgment creditor is the wife of the tort-feasor against whom contribution is sought.

A taxicab of appellant (hereafter called "Cab Co."), driven by its agent, and an automobile, driven by appellee (hereafter called "Dreslin"), collided. Dreslin's wife and others in his car were injured. They sued the Cab Co. for damages. Dreslin joined with them, claiming for loss of consortium, medical expenses for Mrs. Dreslin and damages to his automobile. Among its defenses, the Cab Co. pleaded contributory negligence of Dreslin. It also cross-claimed against him for damages to the taxicab and *for contribution for any sums recovered by the other plaintiffs against it.* The jury's verdict established the collision to have been caused by concurrent negligent operation of the two cars. Accordingly judg-

ments for varying amounts were entered in favor of all plaintiffs except Dreslin. In addition a declaratory judgment was entered allowing the Cab Co. contribution against Dreslin upon the several judgments except that of Mrs. Dreslin. This was disallowed because, as the Court held, "the right to contribution arises from a joint liability," and as Dreslin was not liable in tort to his wife, there was no joint liability between him and the Cab Co. as to her. This appeal is confined to that single question.

 We agree with the conclusion of the trial court. Neither husband nor wife is liable for tortious acts by one against the other. That is the common law rule. It prevails today in the District of Columbia unaffected by 30 D. C. Code (1940) § 208 (Mar. 3, 1901, 31 Stat. 1374, ch. 854, § 1155; May 28, 1926, 44 Stat. 676, ch. 419). Thompson v. Thompson, 1910, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, 30 L.R.A., N.S., 1153, 21 Ann.Cas. 921; Spector v. Weisman, 1930, 59 App.D.C. 280, 40 F.2d 792; Ewald v. Lane, 1939, 70 App.D.C. 89, 104 F.2d 222, certiorari denied 1939, 308 U.S. 568, 60 S.Ct. 81, 84 L.Ed. 477.

The right of contribution arises out of a common liability. The rule "hinges on the doctrine that general principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the other, gives the latter an advantage to which he is not equitably entitled." George's Radio, Inc., v. Capital Transit Co., 1942, 75 U.S.App.D.C. 187, 189, 126 F.2d 219, 221. Contribution, then, depends upon joint liability. An injured party plaintiff in the suit from which a right of contribution develops must have had a cause of action against the party from whom contribution is sought. Here there was no liability by Dreslin to his wife, —no right to action against him *and the Cab Co.*, hence nothing to which a right of contribution could attach.

The argument that it would be inequitable to allow Mrs. Dreslin to be "enriched" at the sole expense of the Cab Co., permitting her husband, equally at fault, to escape any of the burden, overlooks the fact that preservation of domestic peace and felicity is the policy upon which the rule of immunity between husband and wife is based. Koontz v. Messer, 1935, 320 Pa. 487, 181 A. 792; Thompson v. Thompson, supra. The judgment is

Affirmed.