**O. C. PERCHELL et al.**

v.

**DISTRICT OF COLUMBIA, Appellant.**

**No. 24187.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 15, 1970.

Decided May 14, 1971.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Messrs. Hubert B. Pair, Acting Corporation Counsel at the time the brief was filed, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellant. Mr. Charles T. Duncan, Corporation Counsel at the time the record was filed, also entered an appearance for appellant.

Mr. Edward J. Gorman, Jr., Washington, D. C., with whom Mr. Lawrence Z. Bulman, Washington, D. C., was on the brief, for appellees.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

FAHY, Senior Circuit Judge:

The question presented on this appeal is whether the District Court properly dismissed the counterclaim of the District of Columbia for contribution against Mr. Perchell, a co-plaintiff with his two minor children in a tort action

against the District.[1] Mr. Perchell was denied recovery in the main action against the District "because of [his] contributory negligence," while his children were awarded judgments of $27,000 and $9,000 against the District. The District was denied contribution against Mr. Perchell, however, apparently on the ground of his immunity in tort to his children. Dennis v. Walker, 284 F.Supp. 413 (D.D.C.1968). For reasons now stated we reinstate the District's counterclaim against Mr. Perchell.

The problem is one in equity. Where tortfeasor B is liable to A for damages, and tortfeasor C is jointly negligent for the tort but not jointly liable because of parental immunity, it has been held that B may not obtain contribution from C. Dennis v. Walker, *supra*, following Yellow Cab Co. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626 (1950), which involved the same situation except it was decided under the doctrine of marital immunity rather than the doctrine of parental immunity. Were we to accept the full scope of the doctrine of parental immunity, as did the trial court, and were that doctrine to rule this case, it would follow from *Dennis* and *Yellow Cab Co.* that the District Court correctly held that the District of Columbia could not obtain from Mr. Perchell contribution on the judgment rendered against the District in favor of Mr. Perchell's minor children.

■ In some situations, however, equity may intervene to reduce by one-half any judgment of A against B, under the principle of Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968), and Martello v. Hawley, 112 U. S.App.D.C. 129, 300 F.2d 721 (1962). In *Murray* the court disallowed defendant's third-party claim for contribution against the United States on the ground that the Government's previously determined liability to the plaintiff under the Federal Employees' Compensation Act

terminated its common law liability to the plaintiff and thereby to the defendant for contribution. In so holding, however, the court said:

> Any inequity residing in the denial of contribution * * * is mitigated if not eliminated by our rule in Martello v. Hawley, 112 U.S.App.D.C. 129, 300 F.2d 721 (1962). Martello holds that where one joint tortfeasor causing injury compromises the claim, the other tortfeasor, though unable to obtain contribution because the settling tortfeasor had "bought his peace," is nonetheless protected by having his tort judgment reduced by one-half, on the theory that one-half of the claim was sold by the victim when he executed the settlement.

Murray v. United States, *supra*, 132 U.S.App.D.C. at 95, 405 F.2d at 1365.

The equities relied on in *Murray* and *Martello* for reducing the judgments in those cases by one-half are not present in our case. Mr. Perchell has not assumed a liability to his children because of the accident and paid them on that account. Moreover, the District in its pleadings at trial sought only contribution.

■ The proper solution of this case, having in mind that the equitable approach taken in *Murray* and *Martello* came after our decision of Yellow Cab Co. v. Dreslin, *supra*, which the District Court in *Dennis* expressly said it felt was binding upon it, is to reinstate the District's counterclaim against Mr. Perchell. The underlying basis for the doctrine of parental immunity is to further domestic tranquility, recognizing the special relationship of parent and child. While domestic tranquility would be served by precluding the District from seeking contribution from the father, Mr. Perchell, the result would cast the full burden of the joint tort upon the District, thus serving one equitable purpose but creating an inequity. Were the

1. The accident involved a car driven by Mr. Perchell, accompanied by his two minor children, and an automobile owned by the District of Columbia and operated by a District police officer.

remedy adopted in *Murray* and *Martello* extended to the situation, the children's judgments against the District would be reduced by one-half. Our case, however, does not call upon us to pass upon that possible solution. The District has limited its pleadings to a counterclaim against Mr. Perchell for contribution. We think the motion to dismiss the counterclaim should have been denied, and that the District can seek contribution from the negligent parent.

The doctrine of parental immunity as applied in Dennis v. Walker is modified in its application to accord with the foregoing, for the "inequity residing in the denial of contribution" which was mitigated by our rule in *Martello* and in *Murray*, we think should also be mitigated here.

The order of the District Court dismissing the counterclaim of the District of Columbia is set aside, and the case is remanded for further proceedings not inconsistent with the above opinion.