**LIBERTY MUTUAL INSURANCE COMPANY, a corporation, and Won T. Moon, Appellants,**

v.

**DISTRICT OF COLUMBIA, a municipal corporation, Appellee.**

No. 7200.

District of Columbia Court of Appeals.

Argued Sept. 26, 1973.

Decided March 20, 1974.

Colin R. C. Dyer, Washington, D. C., for appellants.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment denying appellants recovery by way of contribution from the District of Columbia. We affirm but do so for a different reason than that adopted by the trial court.

William D. Hickerson, a District of Columbia employee, brought an action in tort against Won T. Moon for personal injuries suffered when a Sanitation Department vehicle, which Mr. Hickerson was driving, collided with Mr. Moon's automobile at an intersection in this city. Mr. Moon answered denying negligence on his part and affirmatively pleading contributory negligence on the part of Hickerson.

Mr. Moon's insurer, Liberty Mutual Insurance Co. (hereinafter Liberty Mutual) later filed the separate action here on appeal against the District of Columbia for the value (less deductible) of the property damage suffered by Mr. Moon's automobile which Liberty Mutual had paid under Mr. Moon's collision insurance policy. In the same complaint co-plaintiff Moon sought the deductible amount of that policy and, in addition, noting that Hickerson had alleged that the traffic signal controlling his direction of travel had been inoperative on the day of the accident, sought contribution from the District of Columbia for any judgment which might be awarded to Mr. Hickerson in his case against Mr. Moon on the theory that the negligent maintenance of the traffic signal was the sole or partial cause of the accident. The District of Columbia answered denying negligent maintenance of the traffic light and negligence on the part of its operator, Mr. Hickerson, and counterclaimed for the damage sustained to its vehicle.

The first action, Hickerson v. Moon,[1] was then set down for trial on the jury calendar and upon motion of the defendant Moon, the two cases were consolidated for all purposes. By agreement of the parties, the case here on appeal, Liberty Mutual v. District of Columbia, was tried without a jury.

After the evidence was heard by the jury and the jury had retired to deliberate in Hickerson's case, the trial court heard argument in this case on the issue of liability for property damage and on whether the District of Columbia should be liable by way of "contribution or indemnity" to Moon with respect to any judgment that might be entered against him and in favor of plaintiff Hickerson. The court reserved judgment on all issues. The jury subse-

---

[1]. Civ.No. 2323-71 (D.C.Super.Ct., Sept. 29, 1972).

quently returned a verdict for plaintiff Hickerson in the amount of $8,500 and costs. Thereafter, defendant Moon filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial or remittitur. On December 18, 1972, the trial court in a memorandum opinion and order denied these for the following reason:

> The evidence in this case did not establish contributory negligence on the part of plaintiff [Hickerson] as a matter of law, and the questions of negligence and contributory negligence were matters on which reasonable men could differ and should therefore have been [and were] submitted to the jury.

At the same time, however, the trial judge entered a memorandum opinion and judgment in this case and found that the evidence established that the nonoperation of the traffic lights was not the proximate cause of the accident; and that both Mr. Hickerson and Mr. Moon were negligent and the negligence of each was the proximate cause of the collision. The two resulting verdicts were therefore fundamentally inconsistent.

The jury had tried the issues of negligent operation of the motor vehicles and had found Mr. Moon negligent and Mr. Hickerson free from contributory negligence. In addition, the court found these issues to be properly within the province of the jury. Nevertheless, the court made ultimate findings in this nonjury case directly contrary to those in the jury case and in so doing relieved from liability the only third party who might have been negligent, the District of Columbia by reason of its nonfunctioning traffic light, by finding that both operators knew or should have known of the malfunction and exercised due care.[2]

The court then applied what it considered to be the law in this case to the facts as it had found them. On the basis of its previous holding in a similar case[3] the court rejected the contention of the District of Columbia that it was immune from the common law doctrine of contribution by virtue of the provisions of the Federal Employee's Compensation Act.[4] It went on to hold, however, that inasmuch as none of Mr. Hickerson's recovery was related to elements of damages compensable under the Federal Employee's Compensation Act, no right to contribution had been established. This was because the judge limited the amount of contribution to the reasonable value of the liability imposed upon the District of Columbia under the Act with an upward limitation of 50 percent of the plaintiff's judgment. This appeal followed.

Liberty Mutual and Moon assert it was error for the trial court to deny their claim for "contribution" from the District of Columbia toward the judgment in Hickerson's case after a finding by the trial

2. There is no right of contribution between tort-feasors unless there is joint liability of both parties to the injured person. Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968) ; Yellow Cab Co. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626 (1950).

3. Dailey v. Bassett, Civ. No. 2319–70 (D.C. Super.Ct., Dec. 18, 1972). Significantly, this action was brought by a passenger for damages arising out of personal injuries suffered when the police vehicle in which he was riding collided with a vehicle driven by the defendant with the consent of the defendant owner. The defendant owner then filed a third-party complaint against the plaintiff's employer, the District of Columbia, alleging that the collision was caused by the negligence

of the District's operator. The District of Columbia then moved for summary judgment and the order denying that motion and the accompanying opinion issued.

4. 5 U.S.C. § 8101 et seq. (1970). The trial court reached this conclusion by questioning the validity of Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968), in light of the Supreme Court's action in Treadwell Construction Co. v. United States, 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963) and that Court's holding in Weyerhaeuser S.S. Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963). Because of our disposition of this case on another ground, we intimate no opinion on the correctness of the trial court's conclusion.

judge in this case that Hickerson was negligent. The District of Columbia argues, on the other hand, that the trial court's ruling on the law covering the limits of its liability in contribution was correct; and that, in any event, Liberty Mutual and Moon are estopped by the jury verdict in Hickerson's case from asserting an inconsistent claim for "contribution" in this case.

■ We need not decide whether the District of Columbia is immune from the common law doctrine of contribution, and, if not, whether that liability is limited by the Federal Employee's Compensation Act. For despite the equitable origin of the doctrine of contribution and the party's agreement that the issues of contribution and property damage be tried by the court, we think that the inconsistent verdict rendered by the court in this nonjury case is contrary to the sound administration of justice. Jones v. Schramm, 141 U.S.App.D.C. 169, 171, 436 F.2d 899, 901 (1970).

We begin with the well-settled proposition that:

. . . a decision in one suit of properly presented and relevant issues of fact between parties is *res judicata* of those same issues of fact in a subsequent suit between the same parties or persons in privity with them. This principle of law tends to protect both the courts and the litigants in that it serves the policy of the law to end litigation by precluding the parties to a prior action between them from retrial of the same factual issues, whether in the same cause or in a different one. There are, however, limiting conditions. One is that both parties shall have a full opportunity to present causes or defenses and to secure full and adequate relief in accordance

with substantive rights. This means that everyone is entitled to his "day in court" and, further, an adjudication by a court competent to hear the issues of liability, to decide causes, and to afford relief to the parties in the consideration of their respective substantive rights.[5] (Footnotes omitted.)

Here, the facts upon which the trial court predicated its findings of mutual fault, which conflicted with the prior finding of the jury, were identical to those heard by the jury and, since the cases were consolidated for trial, all parties and their privies had a full opportunity to present their evidence or defenses. Because the doctrine of collateral estoppel applies in this case, all parties, and also the trial court, were concluded as to things which had been previously determined by the jury. *See* Tutt v. Doby, 148 U.S.App.D.C. 171, 173, 459 F.2d 1195, 1197 (1972); *compare* Gomez v. Texas Company, 188 F.Supp. 661 (E.D.Pa. 1960). "It is a sound and important policy in the administration of justice that what has been done and determined not be redone and redetermined unnecessarily. This policy requires that courts not be niggardly in giving full effect to prior determinations of fact and right." Texaco, Inc. v. Hickel, 141 U.S.App.D.C. 203, 213, 437 F. 2d 636, 646 (1970); *cf*. Miller v. Simons, 239 Minn. 523, 59 N.W.2d 837 (1953).

The jury verdict settled the issue of negligence between the parties and their privies. Consequently, the trial court's contrary finding on factual issues which, in denying post-verdict motions, it held in the same breath not only to have been properly within the province of the jury [6] but "were matters on which reasonable men could differ," should be regarded as a "legal nullity." *Cf*. Brightheart v. McKay, 136 U.S. App.D.C. 400, 420 F.2d 242 (1969). Be-

---

5. Emmco Insurance Co. v. Brown, D.C.Mun. App., 178 A.2d 429, 431–432 (1962).

6. As stated, the court left the prior jury verdict standing and we are thus not presented with the situation "[w]here a verdict is not supported by sufficient evidence, or is prop-

erly set aside as contrary to the overwhelming weight of evidence, [and] that jury verdict is [therefore] not a valid determinant of the facts underlying liability . . . ." Jones v. Schramm, *supra*, 141 U.S.App.D.C. at 172, 436 F.2d at 902.

cause of this we need not determine whether the trial court was correct in its application of the doctrine of contribution to the facts of this case [7] since the factual findings on which the trial court's decision was predicated are a nullity for the reason we have given.

Consequently, the judgment denying recovery to Mr. Moon and Liberty Mutual should be affirmed. "It is established doctrine that an appellate court may sustain a correct judgment on a different ground than that adopted by the trial court." Jones v. District of Columbia, D. C.Mun.App., 123 A.2d 364, 365 (1956). Since the District of Columbia does not appeal the denial of its counterclaim for property damage to its vehicle this question is not before us and the judgment of the court below is affirmed.

So ordered.

7. *Compare* note 2 *supra, with* notes 3 and 4 *supra* and accompanying text.