Thomas J. GARVAS

v.

CLARK EQUIPMENT CO. et al.

v.

UNITED STATES of America.

Bruce SMITH

v.

CLARK EQUIPMENT CO. et al.

v.

UNITED STATES of America.

Civ. A. Nos. 73–1020 and 74–424.

United States District Court,
W. D. Pennsylvania.

March 9, 1976.

Edwin H. Beachler, Pittsburgh, Pa., for plaintiffs.

Clem R. Kyle, Pittsburgh, Pa., for defendant Clark Equipment.

Meyer, Darragh, Buckler, Bebenik & Eck, Pittsburgh, Pa., for Euclid & General Motors Corp.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter is presently before me in these consolidated actions on the petition of the original defendants and third-party plaintiffs, Clark Equipment Co., Euclid, Inc. and General Motors Corp., to reconsider my memorandum and order of October 20, 1975, granting the motion of the United States to dismiss the third-party complaints against them.

The suit arises from injuries allegedly sustained on August 24, 1972 when a tractor pulling earth moving equipment overturned at the construction site of the Boy Scout National Jamboree at Moraine State Park. The plaintiffs were Reservists on annual training and were respectively the operator and passenger of the tractor, and as such were engaged in site preparation.

The complaints in both actions allege that the tractor overturned due to the negligence of the several defendants in failing to properly design and inspect the vehicle and in failing to warn the plaintiffs of the dangers of the equipment. After General Motors was joined as an original defendant, Clark Equipment Company filed a third-party complaint against Bruce Smith, the Reservist driver of the tractor. Subsequently the United States was substituted as a third-party defendant in place of Bruce Smith pursuant to 28 U.S.C. § 2679. Summary judgment was then entered in favor of the United States and the United States was dismissed as a defendant. Memorandum Order dated July 29, 1974. Thereafter the defendants filed a joinder and cross claims against the United States claiming that the equipment was specially designed by the United States and that it failed to properly maintain it or properly instruct the plaintiffs in its use, and the United States in turn filed motions to dismiss.

In granting the motions to dismiss I relied primarily upon *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Travelers Insurance Co. v. United States*, 493 F.2d 881, C.A. 3, 1974, and *Murray v. United States*, 132 U.S.App.D.C. 91, 405 F.2d 1361, 1968. The third-party plaintiffs now argue that this reliance was misplaced because the cited authority disposes of the question of contractual indemnity but leaves open for determination any claim for tort contribution and indemnity.

There are actually only two ways in which the third-party plaintiffs could involve the United States as a third-party defendant. The first is by reason of any contractual obligation by the government to the third-party plaintiffs, and the second, under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq. The third-party plaintiffs now attempt to persuade me that their highly theoretical premise comes under the second classification. They argue that the obligation arises not because of any contractual undertaking between the parties, but rather because of damages sounding in tort.

The difficulty with this theory is that under the circumstances of this case, the law will not allow the government to pay damages accruing to a member of the armed services. This, I believe, was clearly explained in my opinion and needs no further explanation here. Neither is it appropriate that I now set out other exceptions which do not come within the purview of the Federal Torts Claims Act, or which in any way obligate the government to pay money either directly or indirectly as is here argued.

Accordingly, I find the contentions here raised by the defendants-third-party plaintiffs to be without merit.

## ORDER OF COURT

AND NOW, TO–WIT, this 9th day of March 1976, for the reasons set forth in the foregoing Memorandum Opinion, the

motion of the defendants and third-party plaintiffs, Clark Equipment Co., Euclid, Inc. and General Motors Corporation to reconsider my memorandum and order of October 20, 1975, is hereby denied.