665 F.2d 1330
 215 U.S.App.D.C. 27
 Vincent C. THOMAS, Jr., Administrator of the Estate of Ann
Nash Bottorff, Deceased, Individually and on
behalf of all others similarly situated
v.
LOCKHEED AIRCRAFT CORPORATION, a California Corporation,
Defendant & third-party plaintiff
v.
The UNITED STATES of America, Third-party defendant, Appellant.
 No. 80-1323.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued June 9, 1981.
Decided Sept. 30, 1981.
 
 Appeal from the United States District Court for the District of Columbia (D.C. Civil Action No. 75-1831).
 Katherine S. Gruenheck, Atty., U.S. Dept. of Justice, Washington, D.C., with whom Alice Daniel, Asst. Atty. Gen., Washington, D.C., at the time the brief was filed, Thomas S. Martin, Acting Asst. Atty. Gen., Charles F. C. Ruff, U.S. Atty. and William Kanter, Atty., U.S. Dept. of Justice, Washington D.C., were on the brief, for appellant. Eloise E. Davies, Atty., U.S. Dept. of Justice, Washington, D.C., also entered an appearance for appellant.
 Carroll E. Dubuc, Washington, D.C., with whom Temple L. Ratcliffe and Richard M. Sharp, Washington, D.C., were on the brief, for appellee Lockheed Aircraft Corp.
 Isaac N. Groner and Raymond D. Battocchi, Washington, D.C., entered appearances for appellee Thomas.
 Before TAMM, ROBB and EDWARDS, Circuit Judges.
 Opinion for the court filed by Circuit Judge TAMM.
 TAMM, Circuit Judge:
 In this case the Government appeals from a judgment holding it liable for a claim in contribution or indemnity entered by the United States District Court for the District of Columbia. Believing that the district court erred in failing to find the exclusivity provision of the Federal Employees' Compensation Act a bar to such a claim, we reverse and remand.
 I. BACKGROUND
 The factual circumstances leading to this litigation are set out in Schneider v. Lockheed Aircraft Corp., 658 F.2d 835, at 838-839 (D.C.Cir.1981). For present purposes it suffices to note simply that on April 4, 1975, an accident occurred aboard a Lockheed-manufactured C5A aircraft that was being used by the United States to transport approximately 301 passengers, including at least 226 Vietnamese orphans, from Saigon to the United States. The plane crashed, killing approximately 144 persons.
 On November 4, 1975, Vincent C. Thomas, Jr., filed a complaint as administrator of the estate of Ann Nash Bottorff, a civilian employee of the Department of the Navy, seeking damages for her wrongful death and for injuries she suffered prior to her death.[1] On January 9, 1976, defendant Lockheed Aircraft Corporation (Lockheed) impleaded the United States as a third-party defendant seeking indemnity or contribution on a variety of tort and contract theories. Counts I and II of Lockheed's third-party complaint assert a right to indemnity or contribution under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) et seq. (1976). Counts III and IV are based upon admiralty law and Count V upon contractual indemnity.[2] After settling the plaintiff's claims against it, Lockheed moved for summary judgment in the third-party action. The Government filed a motion to dismiss. In an order dated December 7, 1979, the district court granted Lockheed's motion for summary judgment, thereby denying by implication the motion to dismiss. Thomas v. Lockheed Aircraft Corp., No. 75-1831 (D.D.C. Dec. 7, 1979), Joint Appendix (J.A.) at 225-26. The court held that indemnity was available to Lockheed and that such a "claim over" was not barred by the Federal Employees' Compensation Act (FECA or the Act), 5 U.S.C. §§ 8101 et seq. (1976). The rationale for this decision had been developed in earlier memorandum opinions. In re Air Crash Disaster Near Saigon, South Vietnam on April 4, 1975, 476 F.Supp. 521, (D.D.C. 1978), J.A. at 48-57; In re Air Crash Disaster Near Saigon, South Vietnam on April 4, 1975, 476 F.Supp. 521 (D.D.C. 1979), J.A. at 66-78. On January 23, 1980, the district court entered the final judgment from which the Government now appeals.[3]
 
 II. DISCUSSION
 
 1
 The conflict between doctrines governing third-party suits for contribution or indemnification and statutory exclusive remedy provisions of workmen's compensation laws is "(p)erhaps the most evenly-balanced controversy in all of workmen's compensation law ...." Larson, Workmen's Compensation: Third Party's Action Over Against Employer, 65 Nw. U.L.Rev. 351, 351 (1970). The policies underlying the two sides of this controversy are simply stated but starkly opposed. On the one hand, the employer, here the federal government, can point to the explicit congressional statement that its liability "with respect to the injury or death of an employee," 5 U.S.C. § 8116(c), is limited to the compensation payments set out in the Act. Assuming arguendo the primary negligence of the Government, however, the third party-here Lockheed-can point to the inequity in subjecting it to a staggering liability that it would not have had to bear "but for the sheer chance that the other parties involved happened to be under a compensation act." 2A A. Larson, Workmen's Compensation Law § 76.10 at 14-288 (1976).
 
 
 2
 In examining this case, it seems clear that "(w)hen an employee covered by workmen's compensation sues in negligence a third party who then impleads the employer, there is no way fully to satisfy all policies coming into play." Galimi v. Jetco, Inc., 514 F.2d 949, 952 (2d Cir. 1975). We believe that the controversy is no longer a live one, at least as far as FECA is concerned. The pertinent provision in FECA states in part:
 
 
 3
 The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.
 
 
 4
 5 U.S.C. § 8116(c) (1976). We believe that the settled rule applicable to the case at hand is that this exclusivity provision serves to bar a third-party claim against the United States with respect to the injury of a government employee that is not based upon an independent duty owed by the Government to the purported indemnitee. E. g., Galimi v. Jetco, Inc., 514 F.2d 949 (2d Cir. 1975); Travelers Insurance Co. v. United States, 493 F.2d 881 (3d Cir. 1974); United Air Lines, Inc. v. Wiener, 335 F.2d 379 (9th Cir.), cert. dismissed sub nom. United Air Lines v. United States, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964). Contra, Wallenius Bremen G.m.b.H. v. United States, 409 F.2d 994 (4th Cir. 1969), cert. denied, 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1970). Because these courts have ably analyzed this area of the law, we see nothing to be gained in extended reiteration. See Kudelka v. American Hoist & Derrick Co., 541 F.2d 651, 659 (7th Cir. 1976).
 
 
 5
 This weighty authority notwithstanding, Lockheed asserts that section 8116(c) of FECA does not bar an action for contribution by a third party against the United States. In Murray v. United States, 405 F.2d 1361, 1364 (D.C.Cir.1968), we explicitly held to the contrary. Noting that no right of contribution exists "unless there is a joint liability of both parties to the injured person," we stated that "the Federal Employees' Compensation Act ... precludes a tortfeasor held liable to a government employee from suing to obtain contribution from the government." Id. Lockheed has not attempted to distinguish this case and we see no reason to retreat from this aspect of our decision in Murray.[4] The Murray court left open, however, the question of whether "a claim of non-contract indemnity" would be barred by the exclusivity provision of FECA. Id. at 1367. Questioning decisions that assumed that contribution and indemnity claims stood on the same footing, the court left for another day the "difficult question" of whether a claim for noncontractual indemnity resting upon an independent duty running from the third-party defendant, the putative indemnitor, to the third-party plaintiff would also be barred under FECA. Id.
 
 
 6
 Because we find that Lockheed has alleged only derivative tort claims, we need not dwell upon this question. Here Lockheed alleges the breach by the United States of three basic duties owed it: first, the duty to use the aircraft in the manner contemplated by both Lockheed and the United States; second, the duty to provide adequate maintenance of the aircraft to prevent accidents of this type from occurring; third, the duty to provide Lockheed with information about incidents involving the safety of the aircraft. The first two of these duties are clearly derivative and based upon the duties owed by the Government to its employees and passengers. Lockheed's third assertion alleges no delictual duty but rather one that sounds in contract. As pointed out above, however, Lockheed did not pursue its claim of contractual indemnity in the district court. See note 2, supra.
 
 
 7
 The two cases cited by Lockheed to support its assertion of the above duties as "independent," running from the Government to Lockheed, in fact offer no such support. In Holden v. Placid Oil Co., 473 F.Supp. 1097 (E.D. La. 1979), the court did not find that an independent duty running from the employer to the third party existed. Rather, summary judgment was denied in that case because the facts were not sufficiently developed to determine whether under Louisiana law an independent duty, based upon the employer's position as the manufacturer of an allegedly defective product, might exist. Id. at 1102. In Roy v. Star Chopper Co., 442 F.Supp. 1010 (D.R.I. 1977), aff'd, 584 F.2d 1124 (1st Cir.), cert. denied, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1978), the court expressly found that an exclusivity provision in the Massachusetts Workmen's Compensation Act barred indemnity claims against the employer based on any noncontractual relationship. Id. at 1018. Under the unusual circumstances of that case, the court found that an implied contract to indemnify existed based largely upon the relationship between the parties "in the nature of co-manufacturers." Id. at 1020.
 
 
 8
 In our examination of the duties alleged by Lockheed to have been owed it by the Government, and on the facts before us, we agree with those courts that have refused to find an independent duty running from the purchaser to the manufacturer to use the product in question in such a way as not to bring liability upon the latter. See, e.g., Santisteven v. Dow Chemical Co., 506 F.2d 1216 (9th Cir. 1974); Boldman v. Mt. Hood Chemical Corp., 288 Or. 121, 602 P.2d 1072 (1979); Olch v. Pacific Press & Shear Co., 19 Wash.App. 89, 573 P.2d 1355 (1978). But see Dole v. Dow Chemical Co., 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382 (1972). We believe that this issue is succinctly summarized by Professor Larson, who states that
 
 
 9
 when the relation between the parties involves no contract or special relation capable of carrying with it an implied obligation to indemnify, the basic exclusiveness rule generally cannot be defeated by dressing the remedy itself in contractual clothes, such as indemnity, since what governs is not the delictual or contractual form of the remedy but the question: is the claim "on account of" the injury, or on account of a separate obligation running from the employer to the third party?
 
 
 10
 2A A. Larson, Workmen's Compensation Law § 76.44 at 14-405 (1976). Here the claim is clearly "on account of" the fatal injury to the employee. The district court erred in failing to find FECA a bar to Lockheed's claim for contribution or indemnity.[5] The judgment of the district court is therefore reversed and the case remanded for proceedings not inconsistent with this opinion.
 
 
 11
 It is so ordered.
 
 
 
 [1]
 Thomas also sought damages on behalf of all those similarly situated. The district court denied class action certification
 
 
 [2]
 The district court did not reach Lockheed's maritime law contentions. Thomas v. Lockheed Aircraft Corp., No. 75-1831 (D.D.C. Dec. 7, 1979), Joint Appendix (J.A.) at 225-26. Furthermore, Lockheed abandoned its claim for contractual indemnity. Brief for Appellee at 1 n.2
 
 
 [3]
 A stipulation filed under seal provided the basis for the trial court's entry of final judgment in this case without a determination of liability and damages. Brief for Appellant at 12 n.46
 
 
 [4]
 Because the issue has not been briefed or argued and is not necessary to our judgment today, we do not decide the continuing validity of what has been termed the "Murray credit." In dicta, the Murray court sought to mitigate the "inequity residing in the denial of contribution against the employer" by suggesting that the plaintiff in such a situation should be limited to recovery from the defendant of one-half of the amount of damages sustained, if the circumstances "would have entitled the (defendant) to contribution from the employer if (FECA) had not interposed a bar." Murray, 405 F.2d at 1365-66. This suggestion has been met with distinguished criticism, e.g., 2A A. Larson, Workmen's Compensation Law § 76.22 at 14-314 through 14-319 (1976), and with less than overwhelming approval from other courts. E.g., Dodge v. Mitsui Shintaku Ginko K.K. Tokyo, 528 F.2d 669, 672 (9th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); Turner v. Excavation Constr., Inc., 324 F.Supp. 704 (D.D.C. 1971); Arcell v. Ashland Chem. Co., 152 N.J.Super. 471, 378 A.2d 53 (1977)
 
 
 [5]
 Because the parties have debated the availability of relief for Lockheed under maritime principles only in footnotes in their briefs, see Brief for Appellant at 17-18 n.50; Brief for Appellee at 37-38 n.23, and because the district court expressly reserved this issue, we do not think that disposition of this question is appropriate at this time. Even if admiralty jurisdiction is appropriate, of course, the district court should examine with care the intersection of such jurisdiction with the exclusivity provision found in FECA. See generally Weyerhaeuser Steamship Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963)