Joseph MARTELLO et al., Appellants,

v.

Thelma HAWLEY, Appellee.

No. 16258.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1961.

Decided Feb. 23, 1962.

Mr. John F. Gionfriddo, Washington, D. C., for appellants.

Mr. Robert H. Reiter, Washington, D. C., for appellee.

Before WILBUR K. MILLER, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal, granted by this court, from a decision of the Municipal Court of Appeals for the District of Columbia, 168 A.2d 529 (1961). As stated by that court, the case presents "one of the questions raised but not answered in McKenna v. Austin." 77 U.S. App.D.C. 228, 134 F.2d 659, 148 A.L.R. 1253 (1943). The court proceeded to that unanswered question. [Appellant in that court is appellee here.]

The facts of the case are briefly stated in the opinion of the Municipal Court of Appeals:

> "[Hawley], while a passenger in an automobile operated by Robert Caughman, was injured when that automobile collided with one owned by Iler M. Martello and driven by Joseph Martello. Caughman's insurer paid [Hawley] $700 in settlement and obtained a release. Thereafter [Hawley] brought this action against the Martellos. As one defense they pleaded the release given Caughman, and by third-party complaint they asked judgment against Caughman 'for all or a contributable portion of any judgment' rendered against them. A jury found in favor of [Hawley] against the Martellos for $2000, and in favor of the Martellos against Caughman 'for contribution,' it being stipulated by all parties that the amount of contribution should be set by the court. The court entered judgment for [Hawley] against the Martellos for $1000 and ruled that Caughman was not liable for contribution."

■ We interpret the last sentence of this quotation to mean that the release for $700 wiped out Caughman's obligation with respect to the payment of any additional sum, either to Hawley or to the Martellos, by reason of the jury's verdict. This comports with our policy of according protective finality to out-of-court settlements by tort-feasors. Mc-Kenna v. Austin, supra.

It is to be noted that the issue as to contribution was submitted to the jury to determine only whether Caughman should be compelled to contribute, that is, the jury was to determine whether or not Caughman was actually at fault with the Martellos in bringing about the injury to Hawley. The trial court obviously determined, in the face of the jury's finding that Caughman should contribute, that the verdict should be modified by one-half and entered a judgment of $1000 for Hawley against the Martellos.

The Municipal Court of Appeals stated the problem before it thus:

> "In ordering judgment fixed at one half of the verdict, the trial court undoubtedly was guided by certain language found in McKenna. The exact holding in McKenna was 'no more than that "Partial satisfaction taken in compromise and release of liability of one or some of the wrongdoers does not discharge the others"'; but there was a lengthy discussion of what effect such holding might have on the question of contribution between joint tort-feasors when one settles and judgment is had against the other.

> "McKenna suggested that no difficulty would arise when the judgment is less than twice the amount of the settlement, saying that the settler could recover from the other wrongdoer, by way of contribution, the amount necessary to equalize their payments. This suggestion has apparently been followed and approved in Otis v. Thomas, 104 U.S.App.D.C. 343, 262 F.2d 232, where after a verdict for $3500 judgment was entered for one half of the verdict because of previous settlement with one of the tort-feasors."

This court recognizes the fact that the suggestion in McKenna is dictum, and the court there recognized that fact by stating: "What we have said is not for the purpose of deciding these questions in

advance of presentation or of foreclosing other possible solutions. Final consideration and determination may be left for the time when these issues are presented immediately."[1] Nor is Otis v. Thomas to the contrary. There we modified a judgment by eliminating a remittitur in favor of a releasing tort-feasor who was not before the court. The fact is that a determination of this precise issue must await a case directly in point.

The Municipal Court of Appeals continued its statement:

"McKenna, however, recognized the problem which would arise where the judgment exceeds twice the settlement. Two possible solutions were suggested; one, that the defendant pay the full amount of the judgment after deducting the amount paid in compromise; two, that the judgment be credited with one half of its amount and the defendant pay one half. The objection to the first solution was said to be that it would result in unequal contribution between tort-feasors, and the objection to the second that its result would be to cut down plaintiff's recovery. The choice between the solutions was left for future decision. We must now make that choice."

The Municipal Court of Appeals answered the question—incorrectly we think—by reversing, and directed the entry of judgment on the original verdict of $2000. It in effect held that the right to contribution was limited to credit for the amount paid by the tort-feasor settling but, because the jury was aware of the $700 settlement, concluded that the jury "must have awarded the $2000 as additional damages necessary to fully compensate [Hawley]."

■■■■ It should be noted that the question posed by this case is not easily answered. Involved are basic principles not readily susceptible of reconciliation with each other. Contribution is a right existing among joint tort-feasors based upon the theory that, as each tort-feasor was at fault in bringing about the injury to the innocent party, then in justice each tort-feasor should share his part in the burden of making the injured party whole again.[2] Moreover, as there is no doctrine of comparative negligence in the District of Columbia, there is much to be said for the proposition that this burden should be shared equally by those at fault. However, superimposed upon this theoretically equitable formula is the rule that an injured plaintiff may settle with one or more of the negligent tort-feasors without thereby surrendering the right to recover against the others.[3] It is the friction engendered by the unavoidable interrelationship of these two principles in operation that gives cause for concern.

We think the holding of the Municipal Court of Appeals would leave the door too far open to fraud and collusion. This danger was recognized in Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662 (1949), and in Henry Fuel Co. v. Whitebread, 99 U.S.App.D.C. 9, 236 F.2d 742 (1956), where we quoted the following language from Knell:

" 'The right to seek contribution belongs to the tortfeasor who has been forced to pay, and the existence of the right cannot logically depend upon a selection of defendants made by the plaintiff. If it did so depend, the caprice or whim of the plaintiff, or his deliberate intention to fasten liability on one defendant alone, could preclude that defendant from having contribution to which he might otherwise be entitled. Moreover, such an application of the contribution doctrine would open the way to collusion between a plaintiff, and one against whom he has a cause

---

1. 77 U.S.App.D.C. at 235, 134 F.2d at 666.

2. George's Radio, Inc. v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219 (1942).

3. McKenna v. Austin, supra.

of action, to impose liability solely upon another against whom he has a cause of action for the same wrong.'" 99 U.S.App.D.C. at 11, 236 F.2d at 744.

■ Accordingly, we now hold in the factual circumstances of this case that when settlement is made with one joint tort-feasor and later a verdict is obtained against the other, and the jury finds that the settling tort-feasor should contribute, then the verdict should be credited with one-half its total amount and the defendant tort-feasor should be required to pay only the remaining balance, namely, one-half the total original verdict. It is true that in a case like the present one, where the verdict figure is in excess of twice the settlement figure, the application of this formula will necessarily reduce the amount of the injured plaintiff's recovery. However, the answer to objection to the formula on this account is that, by his settlement, the plaintiff has sold one-half of his claim for damages. Anything else would be unfair to the settling tort-feasor, who has bought his peace, and unfair to the defendant tort-feasor, who should not be disadvantaged by a settlement to which he was not a party and to which he did not consent.[4]

As above noted, the jury was allowed to receive evidence to the effect that the settling tort-feasor had paid $700.00 in settlement of claims against him. This was due to the rather inconclusive testimony of Hawley, who, while admitting that she received the sum of $700.00 in settlement with Caughman, at first denied signing a release although later she admitted that the signature on the release looked like hers.

■■ In a case such as the one before us, the jury should not be allowed to know either the fact or the amount of any settlement; such information only tends to mislead them in their deliberations concerning a just compensatory verdict. However, if the fact cr the amount of the settlement, for some reason or other, is brought to the attention of the jury, as happened in the instant case, then the judge, in his charge, should instruct the jury to disregard this information in arriving at their evaluation of the damages, if any, suffered by the plaintiff as a result of his injury, and to bring in a verdict representing the full amount of the plaintiff's damages. If contribution is found applicable in the circumstances, the court should credit the amount of the verdict by one-half. The judgment of the Municipal Court of Appeals is reversed and the case remanded to that court with directions to affirm the original judgment of $1000.00.

So ordered.

---

4. In formulating the present rule, we have been aided by certain of the reasoning found in decisions applying New Jersey law in circumstances similar to those presented by the instant appeal. Cf. Judson v. Peoples Bank & Trust Co. Westfield, 17 N.J. 67, 110 A.2d 24 (1954), opinion by Mr. Justice Brennan (now Associate Justice of the Supreme Court of the United States) citing McKenna v. Austin, supra; Smootz v. Ienni, 37 N.J. Super. 529, 117 A.2d 675 (1955); Pilosky v. Dougherty, D.C., 179 F.Supp. 148 (1959). However, we express no opinion as to the New Jersey rule except insofar as it is directly applicable to the disposition of cases factually on all fours with the one we are presently deciding.