Governor **TURNER** et al., Plaintiffs,

v.

**EXCAVATION CONSTRUCTION, INC.,**
et al., Defendants.

Civ. A. No. 1005–70.

United States District Court,
District of Columbia.

Jan. 22, 1971.

Joseph H. Koonz, Jr., Washington, D. C., for plaintiffs.

John L. Ridge, Jr., William J. Donnelly, Jr., Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

Plaintiff filed this action against a general contractor and others alleged to have been jointly and concurrently negligent in allowing a steamroller to crush plaintiff's foot. At the time of his injury, plaintiff was employed as a laborer by the Schnabel Foundation Company, a subcontractor on the construction site. After his injury, plaintiff received workmen's compensation benefits from his employer under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq.*, as applied to the District of Columbia by 36 D.C.Code § 501. Defendant Excavation Construction, Inc. has now moved for leave to file a third-party complaint against Schnabel, claiming a credit against the verdict on the grounds that plaintiff's injuries were caused wholly or in part by his employer's negligence. The motion, which has been fully briefed and argued, presents a recurring question requiring interpretation of the Court of Appeals' opinion in Murray v. United States, 132 U.S.App.D.C. 9, 405 F.2d 1361 (1968).

In *Murray*, the Court of Appeals affirmed a summary judgment for the United States on a third-party claim for contribution by the owner of a building which had been leased to the United States, alleging that the United States was jointly negligent in causing plaintiff's injuries. Plaintiff, a government employee injured in a falling elevator, had received benefits from the United States under the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* The court's rationale was that since the FECA is the exclusive remedy of a federal employee against the United States for injuries suffered in the course of his employment, the United States cannot be held liable for contribution as a joint tortfeasor in an action for damages by the employee against a third party. The court specifically noted that its reasoning applied as well to suits by private employees in the District of Columbia who are covered by an extension of the Longshoremen's Act. The *Murray* case thus clearly bars any claim for contribution by Excavation

Construction, Inc., against plaintiff's employer.

The difficulty, however, arises from the following dictum in the *Murray* opinion:

> Any inequity residing in the denial of contribution against the employer is mitigated *if not eliminated by our rule in Martello v. Hawley, 112 U.S. App.D.C. 129, 300 F.2d 721 (1962). Martello holds that where one joint tortfeasor causing injury compromises the claim, the other tortfeasor, though unable to obtain contribution because the settling tortfeasor had "bought his peace," is nonetheless protected by having his tort judgment reduced by one-half, on the theory that one-half of the claim was sold by the victim when he executed the settlement.* In our situation if the building owner is held liable the damages payable should be limited to one-half of the amount of damages sustained by plaintiff, assuming the facts would have entitled the owner to contribution from the employer if the statute had not interposed a bar. (405 F.2d 1361, 1365–1366.)

This curious extension of the *Martello* rule has an anomalous result with respect to the employer's right to reimbursement for benefits paid in the event the employee is successful in his tort claim against a third party. The logic of the *Murray* ruling would seem to dictate that the employer found to be at fault not be entitled to reimbursement. Such a result, however, would seem to be inconsistent with the unqualified language of both the FECA (5 U.S.C. § 8132) and the Longshoremen's Act (33 U.S.C. § 933), and would directly conflict with the Court of Appeals' own holding in Randall v. United States, 108 U.S.App.D.C. 317, 282 F.2d 287 (1960), and with the Supreme Court's decision in Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 411–412, 74 S.Ct. 202, 98 L.Ed. 143 (1953). On the other hand, it is incongruous that an employee successful in a third-party action should suffer *both* a reduction in his verdict by one-half due to the employer's negligence, *and* an obligation to reimburse the employer out of the diminished verdict to the full extent of benefits paid as workmen's compensation.

Neither of these alternative interpretations of the so-called "Murray rule" is acceptable to the Court. The *Murray* case involved only the FECA, and the rule referred to was dictum at that. Moreover, the question of the employer's right to subrogation was not considered by the Court of Appeals in the *Murray* opinion. Mindful of the Supreme Court's admonition in the Longshoremen's Act case of Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 285, 72 S.Ct. 277, 279, 96 L.Ed. 318 (1951), against attempting "to fashion new judicial rules of contribution," the Court will treat that portion of the *Murray* opinion dealing with a reduction in the employee's verdict as being limited to cases involving the FECA, and will decide how to apply the "Murray rule" when such a case is presented.

Accordingly, defendant Excavation Construction, Inc., has no claim against the employer Schnabel Foundation Company. The motion for leave to file a third-party complaint is denied.