**Joseph M. McKENNEY, Plaintiff,**

v.

**CAPITOL CRANE CORP., Defendant.**

**Civ. A. No. 3034–68.**

United States District Court,
District of Columbia.

Jan. 22, 1971.

Joseph H. Koonz, Jr., Washington, D. C., for plaintiff.

John F. Mahoney, Jr., Washington, D. C., for defendant.

GASCH, District Judge.

## MEMORANDUM–ORDER

Joseph McKenney, plaintiff in this case, was an apprentice iron worker. At the time of the incidents which gave rise to this action, he was employed by the Major Steel Corporation. Major Steel was the structural steel subcontractor on a construction job in Lanham, Maryland; the defendant, Capitol Crane Corporation, was the subcontractor providing crane service at the site. On the day prior to the accident, employees of Major Steel had placed bar joists in position atop the building support beams; the joists were set into position but had not yet been welded into the structure. At the time of the accident plaintiff was assisting in placing skylight frames into position in the roof structure. The frames were being raised between the unattached bar joists by the crane which was being operated by an employee of Capitol Crane. During the operation a bar joist, allegedly dislodged by the crane, fell twenty-nine feet, striking plaintiff in the back and severely injuring him.

Plaintiff has received Workmen's Compensation benefits from his employer as a result of the accident. He has initiated the present suit, however, alleging that his injuries were caused by the negligence of defendant Capitol Crane. The defendant has moved to bring in plaintiff's employer, Major Steel, as a third-party defendant in order that any damage award may be reduced by one-half should the jury find that Major Steel negligently contributed to the injury.

Defendant's position is based on the case of Murray v. United States, 132 U. S.App.D.C. 91, 405 F.2d 1361 (1968). That case arose under the Federal Employees' Compensation Act. A Federal employee was injured in an elevator of a building that was leased to and operated by the United States Government. The employee sued the building owner alleging that his negligence had caused the accident. The owner attempted to bring

the United States in as a third-party defendant claiming either a right of contribution or of indemnification against the Government. In affirming the District Court's dismissal of the third-party claim, the Court of Appeals held that "the Federal Employees' Compensation Act (FECA) precludes a tort-feasor held liable to a government employee from suing to obtain contribution from the government." 405 F.2d at 1364. But the Court concluded its discussion of the contribution claim with the following statement:

> Any inequity residing in the denial of contribution against the employer is mitigated if not eliminated by our rule in Martello v. Hawley, 112 U.S. App.D.C. 129, 300 F.2d 721 (1962). * * * In our situation if the building owner is held liable the damages. payable should be limited to one-half of the amount of damages sustained by plaintiff, assuming the facts would have entitled the owner to contribution from the employer if the statute had not interposed a bar. A tortfeasor jointly responsible with an employer is not compelled to pay the total common law damages. 405 F.2d at 1365.

Before attempting to apply the *Murray* decision in the present circumstances we must determine whether the law of the District of Columbia or the law of Maryland governs the effect of Workmen's Compensation Acts as a bar to impleading an employer in an employee's third-party negligence action. In the case of Jonathan Woodner Co. v. Mather, 93 U.S.App.D.C. 234, 210 F.2d 868 (1954), a workman residing in the District of Columbia was employed by a District of Columbia subcontractor on a construction project being carried on by a general contractor in Maryland. The subcontractor had workmen's compensation insurance for the employee's benefit under both the Maryland Act and the District of Columbia Act. The general contractor also had workmen's compensation insurance under the Maryland Act for his employees' benefit.[1] Rather than accepting compensation under any of the options, the employee chose instead to sue the general contractor for negligence in the District of Columbia. No such action was maintainable under those circumstances according to the law of Maryland but the Court assumed, without deciding, that under the District of Columbia compensation system the employee had the right to elect to sue a party in the position of the general contractor. Analyzing this situation in the light of prior case law, the Court concluded that "established principles of the conflict of laws point to the choice of Maryland law." 210 F.2d at 872.

In reaching this conclusion the Court considered the rationale underlying the workmen's compensation laws. These laws give an employee an absolute right to be compensated for work-related injury without regard to the fault of the employer and the employer is guaranteed immunity from suit and subjected only to a limited and determinate liability.[2] Recognizing that this balance would be upset if employees could sue employers in other jurisdictions, the Court adopted the rule that if some workmen's compensation act existed under which benefits could be granted,

---

1. Under Maryland law, a general contractor may be the "statutory" employer of a subcontractor's employee for the purpose of workmen's compensation coverage although he is not that employee's "contractual" employer. Md.Code, Art. 101, § 63.

2. Although defendant's motion seeks only to decrease its liability and not increase the employer's liability, the granting of such a motion would subject the employer to the trouble and expense of defending the law suit since the reduction would be allowed only if he was found to be a joint tortfeasor. The exclusive liability of the compensation laws should be broad enough to protect an employer from these expenses also. *See* Smither & Co. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220, 222 (1957); *cf.* Dombrowski v. Eastland, 387 U.S. 82, 85, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967).

that act should be applied. In the case at bar, we are not dealing with a situation where the Maryland compensation act could be applied but where it must be applied. As pointed out previously, the accident which forms the basis of this action occurred in Maryland, plaintiff worked for Major Steel only in Maryland, and Major Steel is a Maryland corporation that conducts almost all of its business in Maryland. More importantly, plaintiff has accepted benefits under a final compensation award under the Maryland Workmen's Compensation Act. Md.Code, Art. 101. This action gives that Act exclusive application and bars plaintiff from seeking additional benefits under the District of Columbia Act. Gasch v. Britton, 92 U.S.App.D.C. 64, 202 F.2d 356 (1953).

The holdings of *Woodner* and *Gasch* and the reasons set out therein lead to the conclusion that Maryland law must be applied in the present case and, therefore, *Murray* is not controlling. The Maryland courts have not ruled on the precise question presented here; that is, whether a pro rata reduction in damages in employee third-party negligence suits can be achieved by impleading the employer and showing him to be a joint tortfeasor. Maryland has adopted the Uniform Contribution Among Tortfeasors Act, Md.Code, Art. 50, §§ 16–30, which provides by its terms for a pro tanto reduction in damages awarded against one tortfeasor where there has been a settlement by another tortfeasor.[3] The District of Columbia on the other hand recognizes a common law right to contribution among joint tortfeasors. In Martello v. Hawley, 112 U.S.App.D.C.

129, 300 F.2d 721 (1962), it was established that where one joint tortfeasor causing injury compromises the claim, the other tortfeasor is protected by having his tort judgment reduced by one-half. This holding formed the basis for the proposition in *Murray*, set out above, upon which defendant relies. But it appears that since the basis for contribution among tortfeasors is different in the two jurisdictions that the *Martello* rule would not apply in Maryland. Nor have any opinions with similar holdings been found in the Maryland cases.

■ The Maryland courts have held that the exclusive remedy provision of the Workmen's Compensation Act[4] is a bar to an action for contribution against an employer. In Baltimore Transit Co. v. State, to use of Schriefer, 183 Md. 674, 39 A.2d 858 (Md.1944), the Court held that an employer who had conformed to the Workmen's Compensation Act could not be held liable for contribution in part or in full, as a joint tortfeasor, to one liable in tort to the injured employee. The Court further considered this problem when a third party sued by an employee tried to implead the employee's statutory employer[5] on an indemnity claim. The Court held that impleader was barred by the Workmen's Compensation Law. American Radiator & Standard Sanitary Corp. v. Mark Engineering Co., 230 Md. 584, 187 A.2d 864 (Md.1963). In this case the Court explicitly considered and rejected the holding in Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). *Ryan* held that the immunity provision of the Longshoremen's and

---

3. Md.Code, Art. 50, § 19:
   A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides; but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release pro-

vides that the total claim shall be reduced, if greater than the consideration paid.
See also Brooks v. Daley, 242 Md. 185, 218 A.2d 184, 188 (Md.1966).

4. Md.Code, Art. 101, § 15. "The liability prescribed by the last preceding paragraph shall be exclusive. * * * "

5. Note 1, *supra*.

Harbor Workers' Act [6] did not prohibit a shipowner from impleading a stevedoring company on an implied agreement of indemnity arising from its warranty of workman-like service. The *Ryan* line of cases [7] represent the most prominent examples of situations where employers covered by a workmen's compensation law can be impleaded in employee third-party negligence suits, and since the Maryland court rejected this theory [8] in *American Radiator*, it can be concluded that it would likewise deny impleader where the alleged liability is based solely on tort.

Wherefore, it is by the Court this 22nd day of January, 1971,

Ordered that defendant's motion to bring in third-party defendant be and it is hereby denied.

---

6. 33 U.S.C. § 905.

The liability of an employer [to pay compensation] shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. * * *

7. *See, e. g.,* Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964).; Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); Weyerhaeuser Steamship Co. v. United States, 372 U.S. 597, 83 S.Ct. 926, 10 L. Ed.2d 1 (1963); Atlantic & Gulf Steve-dores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Waterman Steamship Co. v. Dugan & McNamara, Inc., 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960); Weyerhaeuser Steamship Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S. Ct. 438, 2 L.Ed.2d 491 (1958).

8. Other jurisdictions have likewise refused to apply the *Ryan* rationale to local compensation laws. *E. g.,* Smith Petroleum Service Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970) (Mississippi law); Halliburton Co. v. Norton Drilling Co., 302 F.2d 431 (5th Cir. 1962) (Louisiana law).