Joseph P. ANTHONY and Ercole M. Viana, Plaintiffs,

v.

Thelma T. NORFLEET and Cleophus Norfleet, Defendants,

v.

The DISTRICT OF COLUMBIA, Third-Party Defendant.

Civ. A. No. 2051–70.

United States District Court, District of Columbia.

June 30, 1971.

Joseph D. Bulman, Sidney M. Goldstein, and Irwin Meiselman, Washington, D. C., for plaintiffs.

Richard W. Galiher, Washington, D. C., for defendants Norfleet.

Hubert Pair, John A. Earnest, and Carl H. McIntyre, Washington, D. C., for third-party defendant.

## MEMORANDUM–ORDER

GASCH, District Judge.

Plaintiffs, retired District of Columbia Firemen, instituted this action against defendants and third-party plaintiffs, Thelma T. and Cleophus Norfleet, to recover damages for personal injuries sustained by them when a District of Columbia Fire Department truck, operated by plaintiff Ercole M. Viana in which plaintiff Joseph P. Anthony was a passenger, collided with an automobile operated by Thelma Norfleet and owned by Cleophus Norfleet. Both plaintiffs have since been retired from the Fire Department on disability claims and both are currently receiving disability retirement benefits from the District of Columbia under the provisions of Title 4 of the D.C.Code. Hospital and medical care was also provided plaintiffs under Title 4. Defendants have filed a

third-party complaint against the District of Columbia. The third-party complaint alleges that the District of Columbia would be liable to the third-party plaintiffs by way of contribution or indemnity for all or part of any recovery that may be had against them by plaintiffs. The case is now before the Court on the District of Columbia's motion to dismiss the third-party complaint.

██ Although the right to contribution between joint tortfeasors is recognized in the District of Columbia, there is no right of contribution unless there is joint liability of both parties to the injured party. Yellow Cab Co. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626 (1950); Murray v. United States, 132 U.S.App.D.C. 91, 405 F.2d 1361 (1968). When the party against whom contribution is sought is the injured party's employer and the employee is eligible for workmen's compensation benefits, the employer is not liable for contribution. This results from the fact that compensation statutes generally immunize the employer from common law tort liability and substitute an absolute duty to pay a prescribed amount without regard to fault. Thus, there is no joint liability between the employer and a third party liable to the employee in tort. American Mutual Liability Co. v. Matthews, 182 F.2d 322 (2d Cir. 1950); Murray v. United States, supra; Coates v. Potomac Elec. Power Co., 95 F.Supp. 779 (D.D.C.1951).

In the present case the plaintiffs have received medical and hospital benefits and are currently receiving disability benefits under Chapter 5 of Title 4 of the D.C.Code. This statute sets out the standards of eligibility for and methods of computing amounts of disability and general retirement benefits for members of the District of Columbia Fire and Police Departments. Since it is not a compensation statute, it, of course, does not contain an exclusive remedy provision or a subrogation provision.

██ The workmen's compensation statute generally applicable to employees of the District of Columbia is the Federal Employees Compensation Act (FECA). 5 U.S.C. § 8101 et seq. The FECA has been held to be the exclusive remedy against the Government for employees covered by it and the Government is not liable for contribution to a negligent third party. Murray v. United States, *supra.* However, "a member of the Metropolitan Police or the Fire Department of the District of Columbia who is pensioned or pensionable under sections 521–535 of title 4, District of Columbia Code" is excluded from the coverage of the FECA. 5 U.S.C. § 8101(1) (E) (iv). A complimentary provision is contained in D.C.Code § 4–538. The Court is of the opinion that this exclusion from FECA coverage does not preserve common law tort liability of the District of Columbia to firemen and policemen injured on duty but only prescribes a different method for computing payment for injured firemen and policemen, that is, the exception of firemen and policemen from FECA coverage is not an effort to remove them from a compensation system but is merely a recognition that adequate and perhaps broader compensation is provided through Title 4. Specifically excluding these men prevents double compensation for work related injuries. The FECA does, however, express a congressional policy favoring a remedy through compensation rather than in tort for Federal employees. Where Congress has established a comprehensive system to compensate injured employees, that scheme should be presumed to be the exclusive remedy against the Government. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); Granade v. United States, 356 F.2d 837 (2d Cir. 1966); Lewis v. United States, 89 U.S. App.D.C. 21, 190 F.2d 22 (1951). Therefore, since there is no common liability between the District of Columbia and the defendants to plaintiffs, the defendants have no right to contribution from the District of Columbia.

██ Defendants allege that even if the District is not liable for contribution

that they are entitled to have any damages assessed against them reduced by one-half if the facts would have entitled them to contribution had the compensation statute not interposed a bar. They rely for this proposition on Martello v. Hawley, 112 U.S.App.D.C. 129, 300 F.2d 721 (1962), and dicta in *Murray* which purports to extend the rule to FECA cases. In Turner v. Excavation Construction, Inc., 324 F.Supp. 704 (D.D.C. 1971), Judge Gesell refused to extend the "Murray rule" to cases arising under the Longshoremen's and Harbor Workers' Compensation Act. An anomalous situation is created if the employer is allowed reimbursement from the employee's recovery against a third party, as the Act demands, while at the same time reducing his damage recovery by one-half. While there are no reimbursement provisions under Title 4, certain characteristics of the benefits provided by that Act lead to a similar conclusion. Title 4 is basically a pension act; the amount of benefits afforded under it is determined by the length of service of the employee rather than by the severity of his injury or the extent of his disability. No inequity results from not reducing the damage award since the elements of damage relating to loss of earnings for which plaintiffs will be allowed recovery are only the difference between the amount of actual pension benefits received and the salary and potential pension they would have earned had it not been for the forced retirement—there will be no double recovery. The Court concludes, therefore, that the "Murray rule" should not be extended to cases arising under Title 4.

▋ As an alternative to their claim for contribution, defendants claim a right of non-contractual indemnity against the District. Such an indemnity claim to be valid must arise from a separate legal relationship between indemnitor and indemnitee and not arise out of the same incident that provided the basis for the original tort claim. Murray v. United States, *supra*. The Court is further of the opinion that an inde-

pendent indemnity claim cannot be based merely on difference of degree of fault. Slattery v. Marra Bros., 186 F.2d 134 (2d Cir. 1951). In the instant case, the only basis for liability of the District of Columbia raised in the third-party complaint is the alleged negligence of its agents, the plaintiffs-firemen. This is already an issue in the main action and if proven will provide a complete defense. Thus, under the facts alleged in the third-party complaint there could be no breach of an independent duty owed the defendant by the third-party defendant that would be a basis for indemnification.