Arlene J. McMILLAN, Plaintiff,

v.

INTER–ROYAL CORPORATION, Defendant.

Civ. A. No. 81–587.

United States District Court, District of Columbia.

Feb. 17, 1982.

Mark J. Brice, Washington, D. C., for plaintiff.

Edward J. Gorman, Jr., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

Before the Court is the motion of the defendant for leave to file a third party complaint based upon the so-called "*Murray*-credit" doctrine. The plaintiff challenges the continuing validity of that doctrine in this Circuit. On consideration of the whole record, we conclude that the "*Murray*-credit" is no longer viable in this Circuit and accordingly deny the motion to file the third party complaint.

### I *Factual Background*

Plaintiff allegedly was injured while in the employ of Howard University when a chair collapsed under her. As compensation for this injury, plaintiff received statutory benefits from her employer under the District of Columbia Worker's Compensation Act. D.C.Code § 36–501 et seq. (1973).* Plaintiff subsequently filed this action against the manufacturer of the chair, the defendant Inter-Royal Corporation.

The defendant seeks leave to initiate a third party complaint against plaintiff's employer, Howard University, in order to obtain a reduction in any judgment against it, under the rule announced in *Murray v. United States*, 405 F.2d 1361 (D.C.Cir.1968). Acknowledging that the employer is immune from suit under § 905(b) of the LWHCA, the proposed third party complaint seeks no monetary relief whatsoever from the employer; it merely seeks an equitable credit against any judgment rendered against it.

---

* The District of Columbia Worker's Compensation Act incorporates the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*,

## II *Discussion*

The jurisdiction of this Court is based upon diversity of citizenship, 28 U.S.C. § 1331.

The defendant's claim for a reduction in judgment, commonly referred to as a "*Murray*-credit", is based on language in *Murray v. United States, supra.*

In *Murray*, the plaintiff, a government employee was injured in a building leased by the United States. After receiving benefits from the United States under the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.* ("FECA"), the employee initiated an action against the building owner. The court affirmed a summary judgment in favor of the United States on the building owner's third party claim for contribution. The court reasoned that since the FECA is the exclusive remedy of a federal employee against the United States for work related injuries, the United States could not be held liable for contribution as a joint tortfeasor in an action by the employee against a third party. The Court did, however, state that any judgment rendered against the building owner should be reduced by one half of the amount of damages awarded to the plaintiff. This so-called "*Murray*-credit" is set out in the following language.

Any inequity residing in the denial of contribution against the employer is mitigated if not eliminated by our rule in *Martello v. Hawley*, 112 U.S.App.D.C. 129, 300 F.2d 721 (1962). *Martello* holds that where one joint tortfeasor causing injury comprises the claim, the other tortfeasor, though unable to obtain contribution because the settling tortfeasor had "bought his peace", is nonetheless protected by having his tort judgment reduced by one-half, on the theory that one-half of the claim was sold by the victim when he executed the settlement. In our situation if the building owner is held liable the damages payable should be limited to one-half of the amount dam-

---

("LHWCA"). D.C.Code § 36–501 (1973). This opinion will refer directly to the relevant provisions of the LHWCA.

ages sustained by the plaintiff, assuming the facts would have entitled the owner to contribution from the employer if the statute had not interposed a bar. *Id.* at 1365–1366.

The court further stated that its reasoning applied with equal force to suits by private employees who are covered by the LHWCA.

Almost from its inception, the *"Murray* -credit" doctrine met with disfavor. Some courts in the District of Columbia limited its application, *Turner v. Excavation Construction, Inc.,* 324 F.Supp. 704 (D.D.C. 1971); *Anthony v. Norfleet,* 330 F.Supp. 1211 (D.D.C.1971); *But see: Dawson v. Contractors Transport Corp.,* 467 F.2d 727 (D.C.Cir.1972), while other courts outside the District rejected the doctrine altogether. *Dodge v. Mitsui Shintaku Ginko K. K. Tokyo,* 528 F.2d 669 (9th Cir. 1975); *Shellman v. United States Lines, Inc.,* 528 F.2d 675 (9th Cir. 1975); *Arcell v. Ashland Chemical Co.,* 152 N.J.Super. 471, 378 A.2d 53 (1977); *Marant v. Farrell Lines, Inc.,* 550 F.2d 142, 149 (3rd Cir. 1977) (Van Dusen, J. concurring); *Lucas v. "Brinknes" Schiffahrts Ges.,* 379 F.Supp. 759 (D.C.Pa.1974); *See: Santino v. Liberian Distance Transports, Inc.,* 405 F.Supp. 34 (W.D.Wash. 1975); *Brown v. Ivarans Rederi A/S,* 545 F.2d 854 n.6 (3rd Cir. 1976). The doctrine also came under attack from a number of distinguished commentators. *E.g.,* 2A Larson, *Workmen's Compensation Law* § 76.22 at 14–314 through 14–319 (1976) ("Larson"); *Cohen & Daugherty, The 1972 Amendments to the Longshoremens and Harbor Workers Act: Uniformity in Tripartite Industrial Litigation,* 19 N.Y.L.F. 587, 605 (1974). Even the court which fashioned the rule recently questioned its continuing validity. *Thomas v. Lockheed Aircraft Corp.,* 665 F.2d 1330, 1332, n.4 (D.C.Cir.1981).

Whatever the merits of the doctrine, it now is apparent that it has been forcefully rejected in the District of Columbia by the recent pronouncement of the District of Columbia Court of Appeals in *Coleman v. Ceco Corp.,* No. 80–483, slip op., (D.C.App. Jan. 27, 1982).

Since the jurisdiction of this Court is based on diversity, we are bound by the *Coleman* decision. Under the principles of *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we must apply the law of the District of Columbia as articulated by the Court of Appeals for the District of Columbia. *Coleman* is a clear repudiation of the *"Murray* -credit" doctrine by that court.

It follows that Inter-Royal Corp. may not claim a *"Murray*-credit" against any judgment obtained against it and it is accordingly

ORDERED this 17th day of February, 1982 that the defendant's motion to file a third party complaint is hereby denied.