Wilbert Lee LEWIS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 84–482.

District of Columbia Court of Appeals.

Argued May 16, 1985.

Decided Oct. 29, 1985.

Alan A. Pemberton, Washington, D.C., for appellant. Lawrence E. Williams, Jr., Washington, D.C. was on brief, for appellant.

Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before NEBEKER, MACK and NEWMAN, Associate Judges.

PER CURIAM:

The issue presented by this appeal is whether the trial court was correct in dismissing appellant's third party claim against the District of Columbia for contribution and common-law indemnification, on the grounds that the Police and Firefighters Retirement and Disability Act (the "Act"), D.C.Code §§ 4–601 to –634 (1981),[1] is the exclusive remedy for uniformed personnel against the District. We affirm.

---

1. When this case arose, the Act was codified at D.C.Code §§ 4–501 to –539 (1973) (previously entitled "Policemen and Firemen's Retirement and Disability Act"). It has since been recodi-fied at D.C.Code §§ 4–601 to –634 (1981). For purposes of clarity, all Code references are to the 1981 Code.

The factual predicate for this case arose on February 1, 1980, when appellant was involved in a collision with a police vehicle. Sergeant Michael Kolonich, a passenger in the police car, sustained neck and shoulder injuries, and incurred $65 in medical expenses and $916 in lost wages as a result. Pursuant to D.C.Code § 4–613 (1981), the District of Columbia paid Sergeant Kolonich the total amount of his medical expenses, and it also paid him $611, pursuant to D.C.Code § 1–633.2(a)(6) (effective January 1, 1980, representing forty-eight hours of lost wages that were charged to administrative leave).[2]

Thereafter, Sergeant Kolonich filed a claim with his personal insurer, State Farm Mutual Automobile Insurance Company. He was compensated pursuant to his contract with the company in the amount of $1300 and he assigned his cause of action against appellant to State Farm. State Farm then filed suit against appellant to recover that amount.

Appellant sought and was granted leave to file a third party action against the District of Columbia for contribution and indemnification. In his complaint, appellant alleged that the sergeant's injuries were caused by the negligence of the driver of the police vehicle. The District of Columbia moved to dismiss the third party claim, arguing that the statute under which Sergeant Kolonich had received compensation from the District was his exclusive remedy against it, and that no claim for contribution or indemnification could be brought against the District by a third party concerning the same claim. Following a hearing, the motions court dismissed the third party complaint.

Although this court has not had occasion to address the issue presented by this appeal, the question was squarely decided in *Anthony v. Norfleet*, 330 F.Supp. 1211

(D.D.C.1971). We find the logic of *Norfleet* persuasive.

The facts in *Norfleet* are not dissimilar to those with which we are confronted. There, two firemen sustained injuries in a collision between a fire truck in which they were riding and an automobile owned and driven by the defendants, the Norfleets. Pursuant to the provisions of Title 4 of the District of Columbia Code, the firemen received both hospital and medical care and disability retirement benefits from the District of Columbia. The firemen then filed suit against the Norfleets to recover damages for personal injuries and the Norfleets filed a third party complaint against the District of Columbia seeking contribution or indemnification for "any recovery that may be had against them by plaintiffs." *Id.* at 1213.

The federal court concluded that the Norfleets had no right to contribution from the District because there was no common liability between the District and the Norfleets. This is so notwithstanding the fact that the Act does not contain an exclusive remedy or subrogation provision.[3] Central to the court's decision was its reliance upon what has been referred to as a "resilient principle of construction," *Granade v. United States*, 356 F.2d 837, 840 (2d Cir. 1966), *cert. denied*, 385 U.S. 1012, 87 S.Ct. 720, 17 L.Ed.2d 549 (1967), namely:

When Congress has established a scheme of compensation to provide a remedy for personal injuries suffered in the course of ... employment, the compensation system is presumed to be the exclusive means of redress against the government for all persons eligible for the system's benefits, even if Congress has not

---

**2.** The District did not pay Sergeant Kolonich for the remaining twenty-four hours of lost wages that he claimed for lost compensatory time.

**3.** The only exclusive remedy provision in the Act recites that persons receiving compensation under it may not receive compensation under the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101 to 8193 (1982). *See* D.C.Code § 4–633 (1981).

stated that the compensation scheme should be exclusive.[4] *Id.* The principle is of long-standing application, *see United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Patterson v. United States*, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); *Johansen v. United States*, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); *United States v. Forfari*, 268 F.2d 29 (9th Cir.), *cert. denied*, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959); *Aubrey v. United States*, 103 U.S.App.D.C. 65, 254 F.2d 768 (1958), and is based upon a policy that allows the government to assume some liability, regardless of fault, while at the same time relieving it of the prospect of suffering large demand verdicts. *See* 2A A. LARSON, WORKMEN'S COMPENSATION LAW § 65.10 (1981).

The question before us is therefore whether the compensation system at issue here is in fact comprehensive. The Police and Firefighters Disability Act was promulgated to provide a compensation scheme for District of Columbia uniformed personnel, who were excluded from coverage under the statute generally applicable to other District of Columbia employees, the Federal Employees Compensation Act (FECA), *see* 5 U.S.C. § 8101(1)(E)(iv) (1982); *see also* D.C.Code § 4–633 (1981). The exclusion was "not an effort to remove [firemen and policemen] from a compensation system but is merely a recognition that adequate and perhaps *broader* compensation is provided through Title 4." *Anthony v. Norfleet, supra,* 330 F.Supp. at 1213 (emphasis added); *see Hearings on S. 1770 (Policemen and Firemen's Relief Act Amendments of 1957) before the Subcommittee on Fiscal Affairs of the Senate Committee on the District of Columbia,* 80th Cong., 1st Sess. 2 (1957) (improved pension plan might help police force obtain and retain authorized quota of members); *see also Brown v. Jefferson,* 451 A.2d 74, 77 (D.C.1982) (exclusion not intended to preclude recovery for medical care and compensation).

We believe that the compensation scheme of the Police and Firefighters Disability Act is comprehensive, and thus exclusive. It provides, among other things, for pension relief allowances and retirement compensation increases, D.C.Code § 4–605; payment of medical expenses for active members, § 4–613; and for total disability retirees, § 4–614; retirement disability not incurred in performance of duty, § 4–615; and retirement for disability incurred or aggravated in performance of duty, § 4–616. Moreover, we think it significant that subsequent to the *Norfleet* decision, Congress, in 1979, undertook a major revision to the Act and left all provisions relevant here untouched. The natural presumption and the one in which we engaged, is that Congress saw no conflict between its intent and the decision in *Norfleet* relative to the exclusivity issue. *See Granade v. United States, supra,* 356 F.2d at 841 (when Congress does not legislate otherwise presumption is that compensation system is exclusive).[5]

---

**4.** Appellant argues, quoting *Bradshaw v. United States,* 143 U.S.App.D.C. 344, 352, 443 F.2d 759, 767 (1971), that the Supreme Court "limit[ed] this presumption [of exclusivity] to the relations between the United States and its employees." That language from *Bradshaw,* stated in reference to the Court's decision in *Johansen v. United States,* 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952), which *did deal with the United States and one of its employees,* does not limit the presumption to this category of relationships but to a *status* of relationships, namely those involving employers and employees. Thus, appellant's argument by intimation, that the presumption is inapplicable to this case because it does not involve the United States and one of its employees, had no merit.

**5.** In *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), more fully discussed *infra,* the Supreme Court concluded that the statutory remedy at issue there was *not exclusive* on the basis of prior case law. It noted that while Congress had modified other parts of the statute, it had left unaltered those parts relevant to third party liability. *Id.,* 103 S.Ct. at 1037 n. 6. The implication there, as here, is that had Congress (or the D.C. Council) disagreed with the courts' interpretations, it could have resolved the problem through legislation.

Appellant argues, however, that the notion of presumptive exclusivity was rejected by the court in *Bradshaw v. United States*, 143 U.S.App.D.C. 344, 443 F.2d 759 (1977). Our reading of the decision compels no such conclusion.

In *Bradshaw*, a District of Columbia policeman was involved in a collision with a bus owned by the United States and driven by a U.S. employee. As a result of injuries suffered in the collision, the policeman was retired. He received medical and hospital treatment and retirement benefits pursuant to D.C.Code § 4-601 *et seq.* (1981). The policeman then brought suit against the United States under the Federal Tort Claims Act. The United States moved for summary judgment, arguing that the District's Disability Act was the policeman's exclusive remedy. The trial court denied summary judgment, holding that the Act did not preclude a suit against the United States under the Federal Tort Claims Act. The circuit court affirmed.

The circuit court's affirmation was based on its conclusion that the United States bore no relationship to the officer, and thus to the District's Disability Act, which would justify exemption from liability under the Federal Tort Claims Act. In other words, because there was no employer/employee relationship between the United States and the policeman, and thus no worker's compensation benefits payable to the officer from the United States, the United States was not cloaked with the immunization from common-law tort liability that generally accompanies compensation statutes. *See Anthony v. Norfleet, supra; see also* 101 C.J.S. *Workmen's Compensation* § 918 (1958) (compensation scheme exclusive only where employer/employee relationship exists). Clearly, *Bradshaw* is not dispositive of the present case *in which there is an employer/employee relation-ship* between the District and Officer Kolonich.

Appellant further argues that the Supreme Court, in *Lockheed Aircraft Corp. v. United States, supra,* note 5, held that the exclusive liability provision contained within FECA, 5 U.S.C. § 8116(c) (1982), does not cover third parties and that by analogy any exclusivity that may be read into the District's Disability Act—which does not contain an exclusive liability provision—does not obtain where third parties are concerned. Appellant's point is not well-taken.

In *Lockheed* a navy civilian employee was killed when the plane in which she was riding crashed. The plane was operated by the United States Air Force and manufactured by Lockheed Aircraft Corporation. The United States, pursuant to FECA, 5 U.S.C. §§ 8101 to 8193 (1982), paid death benefits to the employee's survivors. The estate's administrator then filed suit against Lockheed, seeking damages for wrongful death and for injuries the employee incurred prior to her death. Lockheed, seeking indemnification under the Federal Tort Claims Act, then impleaded the United States as a third party defendant. The United States argued that the third party claim was barred by the exclusive remedy provision in FECA. The District Court did not find the argument persuasive and granted summary judgment to Lockheed. The United States Court of Appeals for the District of Columbia reversed; the Supreme Court granted certiorari and, upon review, reversed the court of appeals, holding that Lockheed's third party suit was not barred since the Corporation was not within the group of persons referred to in the exclusive remedy provision of the FECA.[6]

---

**6.** FECA's exclusive liability provision provides: The liability of the United States ... under [FECA] with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, de-pendent, next of kin, and any other person otherwise entitled to recover damages from the United States ... because of the injury or death....
5 U.S.C. § 8116(c) (1982).

The Court, relying on legislative history and prior case law,[7] held that the specific exclusive liability provision of the FECA applied to "govern only the rights of employees, their relatives and people claiming through or on behalf of them," not the rights of unrelated third parties. *Lockheed Aircraft Corp. v. United States, supra,* 460 U.S. at 196, 103 S.Ct. at 1034. In addition, the Court noted that Congress had not modified FECA's exclusive liability provision to exclude third party suits in light of case law including such suits, and that this was some evidence that Congress intended that interpretation to continue. *Id.* at 198, 103 S.Ct. at 1036. Prior case law here, in contrast, interprets the statute to disallow third party suits and Congress has not amended the statute to permit them. We therefore decline to accept the analogy to *Lockheed* that appellant would have us draw.

█ In conclusion, we hold that since the Police and Firefighters Disability Act is the exclusive remedy against the District of Columbia for uniformed personnel, the Act excludes third party actions against the District of Columbia in cases arising out of the same set of facts that gave rise to the underlying claim under the Disability Act. The trial court thus properly dismissed appellant's third party claim for contribution and indemnification.

*Affirmed.*

---

**7.** *See Weyerhaeuser S.S. Co. v. United States,* 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963).