**Edward HALL, Daniel Hall, and Joan Peele, d/b/a Forever Green Nursery and Landscaping, Appellants,**

v.

**GEORGE A. FULLER COMPANY, et al., Appellees.**

**No. 90–CV–1625.**

District of Columbia Court of Appeals.

Argued Oct. 2, 1992.
Decided March 12, 1993.

Frederick W. Schwartz, Jr., Washington, DC, for appellants.

Karl N. Marshall, Washington, DC, for appellees.

Before ROGERS, Chief Judge, and TERRY and SULLIVAN, Associate Judges.

TERRY, Associate Judge:

An injured plaintiff sued both appellants and appellees for damages resulting from his injuries. Appellants and appellees in turn filed cross-claims against each other, seeking contribution for all or part of any

sums that might be paid to the plaintiff as a result of his suit. The plaintiff then separately settled his claims against appellants and appellees. Although the cross-claims were not included in the settlement, the trial court *sua sponte* dismissed them, reasoning that appellants and appellees had "bought [their] peace" with one another by settling with the plaintiff. Our decisions have left open the question of whether a cross-claim for contribution may be maintained under these circumstances. We answer that question today in the negative and affirm the dismissal, though not precisely for the reasons stated by the trial court.

## I

Curtis Cloyd, a window installer, was injured when he fell into a hole, dug for the purpose of planting a tree, at a construction site near the Washington Convention Center. Appellees, George A. Fuller Company and L.B. Griffin Contracting Company, working together as a joint venture, were the general contractors on a renovation project at the Convention Center. The three appellants, Edward Hall, Daniel Hall, and Joan Peele, operate an unincorporated business called Forever Green Nursery and Landscaping. They were hired as subcontractors to perform landscaping work at the construction site. The hole into which Mr. Cloyd fell was dug by a Forever Green employee. Cloyd sued both appellants and appellees, seeking damages for the injuries he suffered.

In response to Cloyd's suit, appellees ("Fuller & Griffin") filed a cross-claim against appellants ("Forever Green") seeking "a *pro rata* share of all sums which may be adjudged against [them] in favor of the plaintiff." Fuller & Griffin's cross-claim alleged that Forever Green had contractually indemnified Fuller & Griffin for "all claims arising out of their work" at the Convention Center. Forever Green, in turn, cross-claimed against Fuller & Griffin, seeking "indemnification or contribution for all or a pro-rata share of any and all sums which may be adjudged against

[Forever Green] in favor of plaintiff." This cross-claim alleged that Forever Green had been instructed by Fuller & Griffin to dig the holes for planting trees, but not actually to plant the trees until certain other work was done. According to the cross-claim, Fuller & Griffin "expressly undertook to make sure that all holes were covered and to make sure that the worksite in the vicinity of the holes and the unplanted trees was maintained in a safe condition at all times." Because of this undertaking, Forever Green alleged, Fuller & Griffin's "failure to cover the holes as promised" was the sole cause of Mr. Cloyd's injuries.

Before the case went to trial, both Fuller & Griffin and Forever Green independently settled with Mr. Cloyd. Each of the two settlement agreements contained a complete release of liability by Cloyd and no admission of liability by anyone for the injuries he sustained. Following these settlements, the parties continued to prepare for trial on their respective cross-claims. The trial court, however, relying on *Martello v. Hawley*, 112 U.S.App.D.C. 129, 300 F.2d 721 (1962), and *Washington Healthcare Corp. v. Barrow*, 531 A.2d 226 (D.C. 1987), dismissed both cross-claims on the ground that each of the settling defendants had "bought its peace" by settling with Cloyd. Forever Green contends on appeal that the court's reliance on *Martello* and *Washington Healthcare* was misplaced and that the cross-claims should have been adjudicated by the court.[1] We agree in part: *Martello* and *Washington Healthcare* address a factually distinct situation— what happens when one of two defendants settles but the other does not—and therefore are not dispositive of this case. Nevertheless, we conclude that Forever Green's cross-claim was properly dismissed because the settlements extinguished the inchoate liability upon which the two cross-claims for contribution were contingent. We therefore affirm the dismissal of Forever Green's cross-claim.

## II

Super.Ct.Civ.R. 13(g) governs the litigation of cross-claims between co-parties

1. Fuller & Griffin do not challenge the dismissal of their cross-claim.

to a civil action. A cross-claim may consist of any claim made by one party against a co-party arising out of the same transaction or occurrence. The rule specifically provides that a cross-claim may be based on a claim for indemnification or contribution.[2] Neither party disputes, and we assume for the purposes of this appeal, that the cross-claims filed by the parties here were valid under this rule at the time they were filed. Rule 13(g) does not help us in deciding this appeal, however, because it does not address the unusual posture of this case resulting from the pre-trial dismissal of Mr. Cloyd's action against *both* appellees and appellants.

We resolve this case by examining the remedy of contribution[3] and, more specifically, by considering how a right of contribution arises. Under the law of the District of Columbia, a right of contribution accrues when two or more parties are joint tortfeasors (*i.e.*, when each party "was at fault in bringing about the injury to the innocent party"), and "in justice each tortfeasor should share his part in the burden of making the injured party whole again." *Martello, supra,* 112 U.S.App. D.C. at 131, 300 F.2d at 723 (footnote omitted); *accord, R. & G. Orthopedic Appliances & Prosthetics, Inc. v. Curtin,* 596 A.2d 530, 544 (D.C.1991); *see also George's Radio, Inc. v. Capital Transit Co.,* 75 U.S.App.D.C. 187, 189, 126 F.2d 219, 221 (1942) (explaining that, as an equitable remedy, contribution is available only to "unintentional or negligent tortfeasors," not to "intentional and willful wrongdoers").

From these and similar cases, it follows that a right to contribution cannot arise without a finding that the party seeking contribution is a joint tortfeasor along with the party from whom contribution is sought. "[A] finding of joint liability is central, because '[a] claim for contribution will lie only if the defendant [in this case, Fuller & Griffin] is liable, concurrently with the original defendant [*i.e.*, the party seeking contribution—in this case, Forever Green], to the plaintiff in the original suit'...." *Washington v. Washington Hospital Center,* 579 A.2d 177, 187 (D.C. 1990) (quoting *Group Health Ass'n v. District of Columbia General Hospital,* 540 A.2d 1104, 1106 (D.C.1988)); *see also Hall v. General Motors Corp.,* 207 U.S.App.D.C. 350, 359, 647 F.2d 175, 184 (1980) (a cross-claim for contribution or indemnification is "contingent upon the outcome of another claim" and is therefore treated as permissive under FED.R.CIV.P. 13(g)).[4]

We hold, therefore, that appellants' cross-claim for contribution was properly dismissed. Mr. Cloyd's full settlement of his claim against both appellants and appellees extinguished that claim and, with it, all liability or potential liability (joint or otherwise) as between appellants and appellees for Cloyd's injuries. Consequently, the first prerequisite to the assertion of a cross-claim for contribution, the existence of a joint liability, could not and never can be met. *See Jennette Fruit & Produce Co. v. Seafare Corp.,* 75 N.C.App. 478, 482, 331 S.E.2d 305, 308 (1985) (holding "that, unless a crossclaim is *dependent upon plaintiff's original claim (as would be,*

---

**2.** Rule 13(g) provides in part:
> *Cross-claim against co-party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counter-claim therein.... Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

**3.** Contribution is an equitable doctrine based on the principle that a party who discharges a liability shared with another should not bear the sole obligation for payment. *See generally* W. PAGE KEETON, *et al.,* PROSSER & KEETON ON THE LAW OF TORTS § 50 (5th ed. 1984). The principal purposes of contribution are fairness to joint tortfeasors (by distributing the plaintiff's losses equitably among all wrongdoers) and deterrence (by ensuring that all parties responsible for the injuries will share in the cost of the offending conduct). *See, e.g., Cooper Stevedoring Co. v. Fritz Kopke, Inc.,* 417 U.S. 106, 111, 94 S.Ct. 2174, 2177, 40 L.Ed.2d 694 (1974).

**4.** Because FED.R.CIV.P. 13(g) is identical to the Superior Court rule, we may treat federal court decisions interpreting the federal rule as "persuasive authority" in interpreting the local rule. *Vale Properties, Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 13 n. 3 (D.C.1981).

*e.g., a crossclaim for indemnity or contribution*) ... a plaintiff's dismissal of all of its claims against all defendants does not require dismissal of crossclaims properly filed in the same action").

*Martello* and *Washington Healthcare* are, as appellants suggest, inapposite. In *Martello* the plaintiff was injured when the car in which he was a passenger collided with another car. The plaintiff (Hawley) asserted claims against the drivers of both cars. He then settled his claim with the driver of the car in which he was riding (Caughman) and proceeded to trial on his claim against the other driver (Martello). The jury awarded him $2,000 and found that Caughman, the settling co-defendant, had also been negligent. The trial court ruled that Caughman was not liable for contribution and reduced Hawley's award by one-half by granting Martello a *pro rata* credit. It reasoned that because the jury had also found Caughman negligent, Caughman would have been jointly liable on the judgment had there been no settlement. This court reversed the trial court's *pro rata* reduction of the plaintiff's judgment, but the United States Court of Appeals reversed our decision and reinstated the trial court's ruling. It explained:

> [B]y his settlement, the plaintiff has sold one-half of his claim for damages. Anything else would be unfair to the settling tortfeasor, who has bought his peace, and unfair to the defendant tortfeasor, who should not be disadvantaged by a settlement to which he was not a party and to which he did not consent.

112 U.S.App.D.C. at 132, 300 F.2d at 724. Thus *Martello* dictates the effect of a settlement by one co-defendant on the liability of the non-settling co-defendant to the plaintiff when the co-defendants are joint tortfeasors.

In *Washington Healthcare,* as in *Martello,* one of two co-defendants settled and one did not. *Washington Healthcare* was an appeal from a judgment against a hospital in a medical malpractice action. A co-defendant physician reached a settlement with the plaintiff before trial, and thus he was never found or adjudged to be liable in tort to the injured plaintiff. On appeal this court held that the hospital was not entitled to a *pro rata* credit under *Martello* against the judgment which the plaintiff received against the hospital because there was no finding (or independent evidence in the record) that the doctor was negligent. 531 A.2d at 231. We did conclude, however, that the hospital was entitled to a *pro tanto* credit (*i.e.,* a credit against the judgment for the plaintiff in the amount of the settlement received from the settling doctor). Thus *Washington Healthcare* dictates the effect of a settlement by one co-defendant on the liability of a non-settling co-defendant when the co-defendants are *not* joint tortfeasors (the converse of *Martello* ).

Neither *Martello* nor *Washington Healthcare* deals with the situation presented in this case, and thus neither determines the outcome of this appeal. Our decision depends, rather, on the fact that the settlement of Mr. Cloyd's claim against both defendants precludes any finding of liability on the part of either defendant for his injuries. Since the cross-claims for contribution are contingent on a finding of joint liability, *see Washington v. Washington Hospital Center, supra,* and since such a finding has been made impossible by the settlement, we hold that Forever Green's cross-claim was properly dismissed.[5] The order of dismissal is accordingly

*Affirmed.*

---

5. The result would be no different if the cross-claim were read as seeking only indemnification, not contribution, since either would require a finding of liability on the part of Fuller & Griffin to Mr. Cloyd, and the possibility of such a finding has been foreclosed by the settlement.